**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carmen John Perri**, an individual,<br><br>                                    *Plaintiff*,<br><br>        *v.*<br><br>**New Peking Cerritos Inc**., a California corporation; **Cerritos Village, LLC**, a California limited liability company; and DOES 1-10, inclusive,<br><br>                                    *Defendants*. | Case No. 2:19-cv-08488-FMO-DFM<br>**DEFENDANTS' ANSWER TO COMPLAINT**<br>Honorable Fernando M. Olguin<br><br>First Street Courthouse<br>350 West 1st Street, Courtroom 6D<br>Los Angeles, California |

Defendants, New Peking Cerritos Inc., a California corporation ("**New Peking**"); Cerritos Village, LLC ("**Cerritos Village**") (collectively "**Defendants**"), solely on their own behalf and for no other defendant, in answer to the Complaint of Plaintiff Carmen John Perri ("**Plaintiff**"), admit, allege, and deny as follows:

## ANSWER TO PLAINTIFF'S
## ALLEGATIONS RE PARTIES

1.      Defendants state that the allegations of paragraph 1 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

2.     In response to the allegations in paragraphs 2 and 3 of the Complaint, Cerritos Village admits that it has an interest in the property located at 19131 Bloomfield, Cerritos, California 90703 and did so on or around August 25, 2019.

3.     In response to the allegations in paragraphs 4 and 5 of the Complaint, New Peking admits that it has an interest in the business located at 19131 Bloomfield, Cerritos, California 90703 and did so on or around August 25, 2019.

4.     In response to the allegations in paragraph 6 of the Complaint, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S ALLEGATIONS OF JURISDICTION AND VENUE

5.     Defendants state that the allegations of paragraphs 7 through 9 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S FACTUAL ALLEGATIONS

6.     In response to the allegations in paragraph 10 of the Complaint, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

7.     In response to the allegations in paragraph 11 of the Complaint, Defendants admit that portions of the business establishment are open to the public.

8.     Defendants state that the allegations of paragraphs 12 through 27 of

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)                    2
DEFENDANTS' ANSWER TO COMPLAINT

the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S CLAIMS

9.     Defendants state that the allegations of paragraphs 28 through 37 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF

10.     The remaining allegations in the Complaint are merely prayers for relief requiring no response from Defendant. To the extent that any response by Defendants is required, Defendants deny that Plaintiff is entitled to any remedy or relief and deny that Plaintiff has suffered any injury or damage in this matter.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendants are informed and believe, and based thereon allege, that the Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### (Small Business)

Defendants operate a small business as that term is used in Civil Code section 55.56.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)
3
DEFENDANTS' ANSWER TO COMPLAINT

Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred to the extent that they are based on visits to the subject facilities more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. §335.1.

## FOURTH AFFIRMATIVE DEFENSE
### (Mootness)

The Complaint and each purported claim for injunctive relief alleged therein fail as against Defendants on the grounds that the conditions as to which there could be any legal obligation to make alterations do not or no longer exist and therefore the claims are moot.

## FIFTH AFFIRMATIVE DEFENSE
### (No Control)

The Complaint and each purported claim for injunctive relief alleged therein fail as against Defendants on the grounds that the conditions as to which there could be any legal obligation to make alterations is not owned or controlled by Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

Without conceding that Defendants made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant, if there were any, do not subject Defendants to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the facilities would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)                                    4
DEFENDANTS' ANSWER TO COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Reliance on Issuance of Building Permits)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because local building authorities issued appropriate permits for the property at all times during which construction occurred, and Defendants had a right to rely on the issuance of the permits as establishing compliance with all applicable laws, regulations, orders, and approvals.

## EIGHTH AFFIRMATIVE DEFENSE

### (Readily Achievable)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants have made and continue to make appropriate accessibility changes at the Property to the extent that such changes are "readily achievable." To the extent that Defendants have not made changes that Plaintiff contends should have been made, those changes are not required under applicable law and are not "readily achievable."

## NINTH AFFIRMATIVE DEFENSE

### (Defendants Provided Services Via Alternative Methods)

Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged barriers, such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing of Associated Persons)

Defendants are informed and believe, and based thereon allege, that

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)                                    5

DEFENDANTS' ANSWER TO COMPLAINT

Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein because Plaintiff cannot show such person suffered injury in fact.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing for Violations Not Encountered)

Defendants are informed and believe, and based thereon allege, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violations not encountered because Plaintiff cannot show injury in fact as to such violations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendants are informed and believe, and based thereon allege, that Plaintiff is barred from bringing his Complaint against Defendants because Defendants did not have actual or constructive notice of the purported conditions causing alleged injuries, losses, damages, or violations, and thusly the risk of injury, if any, to Plaintiff was not reasonably foreseeable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants fully performed any and all statutory, and other duties owed to Plaintiff under applicable law.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)                                        6
DEFENDANTS' ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE
## (No Barriers)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred to the extent that Plaintiff did not encounter any barrier to access or usability at the property.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Reasonableness, Good Faith, and Non-Discrimination)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all times based on all relevant facts and circumstances known by them at the time they so acted.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (No Discrimination)

Defendants are informed and believe, and based thereon allege, that the claim for relief alleged in the Complaint under California Civil Code Sections 51 et seq. is barred because Defendant' conduct is applicable alike to all persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Good Faith Barrier Removal)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred because Defendants have fulfilled their legal obligations by making and continuing to make good faith efforts to engage in readily achievable barrier removal.

## NINETEENTH AFFIRMATIVE DEFENSE
## (No Duty)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred because

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)

7

DEFENDANTS' ANSWER TO COMPLAINT

Defendants did not owe and did not breach any legally cognizable duty to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Authorized by Unruh Act)

Plaintiff is barred from obtaining relief under California Civil Code Sections 51, et seq. because nothing therein may be construed to require any construction, alternation, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other property.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Damage)

Defendants are informed and believe, and based thereon allege, that Plaintiff is not entitled to any damages because Plaintiff has not suffered any cognizable damage or other harm as a result of Defendants' acts or omissions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Adequate Legal Remedy)

Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has adequate legal remedies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has not and will not suffer irreparable harm or injury.

## RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Defendants do not presently know all the facts and circumstances respecting Plaintiff's claims. Defendants reserves the right to amend this Answer should she later discover facts demonstrating the existence of additional affirmative defenses.

Stephen E. Abraham
——— LAW OFFICES ———
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Answer (lt)

8

DEFENDANTS' ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS hereby pray for the following relief:

1.    That Plaintiff takes nothing by reason of the Complaint and that Judgment be rendered in favor of Defendants;

2.    That Defendants be awarded their attorneys' fees and the costs of suit incurred by it in this action; and

3.    For such other and further relief as the Court deems just and proper.

Dated: November 5, 2019        LAW OFFICES OF STEPHEN ABRAHAM


By:    /s/ Stephen E. Abraham
       Stephen E. Abraham
       Attorney for Defendants


## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Dated: November 5, 2019        LAW OFFICES OF STEPHEN ABRAHAM


By:    /s/ Stephen E. Abraham
       Stephen E. Abraham
       Attorney for Defendants

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)

9

DEFENDANTS' ANSWER TO COMPLAINT

1

## <u>PROOF OF SERVICE</u>

2

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

I am employed in the County of Orange, State of California.  I am over the age of
18 and not a party to the within action.  My business address is: 1592 Pegasus

5

Street, Newport Beach, California 92660.

6

      On November 5, 2019, I served the foregoing document described as:

7

**DEFENDANTS' ANSWER TO COMPLAINT** thereon on all interested parties
in this action as follows:

8

9

    Joseph R. Manning, Jr., Esq.         Representing Plaintiff
    Michael J. Manning, Esq.

10

    Craig G. Côté, Esq.
    MANNING LAW, APC

11

    20062 SW Birch Street, Ste. 200
    Newport Beach, CA 92660

12

13

    [x]    **e-Filing pursuant to Court order**

14

    Executed on November 5, 2019, at Newport Beach, California.

15

16

    I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

17

18

                   /s/ Stephen E. Abraham

19

                     Stephen E. Abraham

20

21

22

23

24

25

26

27

28

Stephen E. Abraham
——— LAW OFFICES ———
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer (lt)

PROOF OF SERVICE